HENRY E. FREDRICKSON, APPELLEE, V. LOCOMOBILE COM-
PANY OF AMERICA, APPELLANT.

FILED APRIL 18, 1907.  No. 14,781.

Principal and Agent: CONTRACT: CONSTRUCTION.  Where one party re-
quests another to perform valuable services in effecting the sale
of an article, agreeing "to protect" him if such sale is made, and
the influence and solicitations of the party so engaged are the
efficient cause in effecting the sale, such contract should be con-
strued in the light of the surrounding circumstances.

APPEAL from the district court for Douglas county:
LEE S. ESTELLE, JUDGE.  *Affirmed.*

*R. S. Horton* and *B. D. Webber,* for appellant.

*Fawcett & Abbott, contra.*

DUFFIE, C.

Fredrickson, the appellee, is a dealer in automobiles,
located at Omaha, Nebraska.  During the fall of 1903 and
the succeeding winter, negotiations were pending between
him and one Bradford for the sale of a machine.  During
the negotiations Bradford expressed his preference for a
locomobile manufactured by the appellant.  Thereupon
Fredrickson entered into correspondence with the locomo-
bile company and applied for an agency for the sale of
their machine.  His letter was referred to their western
agency at Chicago, in charge of one Sykes.  Sykes, under
date of October 8, 1903, wrote Fredrickson that "at the
present time we are not in shape to talk agency with any
one on our gasoline line.  *  *  *  In the meantime any
orders which you can send us will receive prompt atten-
tion, and we will be only too glad to protect you in case
you place any orders with us.  We will close no agency in
your city at the present time, and will be glad to take up
the matter with you a little later, when we know just what
we can do."  Under date of October 12, Fredrickson wrote

Sykes that he had a prospective purchaser, and in reply, under date of October 14, Sykes again wrote Fredrickson to work up any business that he could, and in the event of his making any sales he would be glad to protect him. In the same letter he indicated his intention of visiting Omaha about the first of the year. October 17, Fredrickson wrote the Chicago agency asking Sykes to visit Omaha as soon as possible, and stating that they might be able to close a trade with a prosective buyer. Sykes called on Fredrickson in Omaha about October 24, on which occasion Bradford was called in, and a general talk took place between the parties relating to his purchase of a machine. Fredrickson testified that after Bradford left his office Sykes told him "to continue on Bradford," and if he bought a locomobile he should have the full agent's commission. Sykes, who was a witness for the defendant below, referred to this same conversation in the following language: "I told Mr. Fredrickson we would—he wanted to work up some business here with the locomobile until he had an agency placed here; that he could work up such customers as he desired to, and in the event of his closing any sales or sending us any orders we would protect him in it up to such time as we placed a local agency here in Omaha." Finally, Fredrickson, thinking that he had about concluded a sale to Bradford, ordered a machine and advanced $100 toward the purchase price. The machine, however, was not delivered, and sometime in April, 1904, while Bradford was visiting the manufactory at Bridgeport, Connecticut, he concluded to make the purchase, and the parties in charge at that place made out an order which they directed him to place with the Powell Company at Omaha, which had, in the meantime, been appointed agent for the company at that place. This action was brought by Fredrickson to recover the amount of his commission, under the claim that it was through his efforts that the machine was sold. The evidence is uncontradicted that the commission or discount allowed an agent on a sale of these machines is 20 per cent. of the

list price, and the order for this machine states the list price to be $3,700. The jury returned a verdict for the plaintiff and appellee in the sum of $740, and the defendant has appealed from the judgment rendered thereon.

The evidence discloses that an agency, within the meaning of the automobile trade, consists in giving to the agent the exclusive right to purchase for cash from the manufacturer machines at a discount from the list price, and to retail them to customers within specified territory at the full list price. In other words, no commission, as such, is paid to an agent on the sale of a machine, but he has the exclusive right to certain territory, and purchases on his own account for cash at a discount of 20 per cent. from the retail or list price. It is insisted by the appellant that Fredrickson, in his dealings with the company, occupied the position of any other merchant; that the only right which he could claim was that of purchasing a machine of the company at the regular discount rate, and then to sell it to his customer for such advance over the price paid as might be agreed upon between them; that his business was to sell automobiles for the profit he could make, and that he was not an employee of the locomobile company, and had no expectation, during the time he was dealing with Bradford, of receiving any compensation for the time consumed. There is no substantial disagreement between Fredrickson and Sykes as to the conversation had between them in their interview at Omaha. Fredrickson says that Sykes told him "to continue on Bradford," and if he bought a locomobile he should have the full agent's commission, and Sykes admits that in that conversation he agreed "to protect" Fredrickson on any sales that he made. Under these circumstances it was for the jury to construe the language used in the light of the conditions surrounding the transaction. The jury, by their verdict, found not only that the sale to Bradford was brought about through the efforts of Fredrickson, but also that an agreement existed that he was to receive a commission therefor equal to the discount allowed regularly appointed agents.

We think these findings are based upon sufficient evidence, and we therefore recommend an affirmance of the judgment.

ALBERT and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment appealed from is

AFFIRMED.